24 P.3d 702

STATE of Idaho, Plaintiff–Appellant,

v.

Steven Gregory LARSEN, Defendant–Respondent.

No. 25928.

Supreme Court of Idaho,
Twin Falls, November 2000 Term.

May 15, 2001.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, argued, for appellant.

Derek A. Pica, Boise, argued, for respondent.

WALTERS, Justice

The State of Idaho appeals from the appellate decision of the district court affirming the magistrate's dismissal of the felony domestic violence charge filed against Steven Gregory Larsen. The state seeks a ruling on the constitutionality of the felony domestic violence statute, I.C. § 18–918(3), as it existed prior to its amendment by the legislature in 2000. *See* 2000 Idaho Sess. Laws, ch. 358, p. 1193. We hold that the statute, as it applies to the charge in this case, is constitutional.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On October 7, 1998, Steven Larsen and Leah Larsen were living together in the same residence. Leah arose at 7:00 a.m. and turned on the heater, which angered Steven. Steven yelled at Leah, got out of bed and ripped the thermostat control off the wall, then went back to bed. When Leah entered the bedroom some time later with his breakfast, Steven again yelled at her, telling her to get out. He approached Leah and hit her on the left side of her head, causing her to fall to the floor. While Leah was on the floor, Steven kicked her in the chest and rib area; and when she tried to roll away from Steven's blows, he kicked her on her left side. There was a second scuffle in the living room. Steven pulled the telephone away from Leah and returned with it to the bedroom, closing the door behind him. When Leah tried to get some clothes from the bedroom so she could leave the home, Steven grabbed for her, got hold of her ankles and dragged her over the carpet, which caused rug burns on Leah's back. Later that day, Leah reported the incident to the police.

The next day, Larsen was charged with felony domestic violence in violation of I.C. § 18–918(3). At the preliminary hearing, counsel for Larsen moved to dismiss the charge, arguing the unconstitutionality of the statute on the grounds of vagueness, separation of powers, due process and equal protection. The magistrate requested briefing from both parties on the question raised by Larsen, deferring the ruling on the motion.

In an order dated January 29, 1999, the magistrate concluded that the felony provisions of I.C. § 18–918(3) violated the equal protection guarantees of the Idaho Constitution, without addressing the United States Constitution. The magistrate's order provided for the dismissal of the felony charge, indicating that Larsen's conduct could be charged anew as a misdemeanor, at the discretion of the prosecutor, within fourteen days. On February 19, 1999, the magistrate

entered an order dismissing the charge. The state appealed the magistrate's decision to the district court, which affirmed that the statute was unconstitutional, but on vagueness grounds. The state again appealed.

## II.

## STANDARD OF REVIEW

When this Court considers a claim that a statute is unconstitutional, we review the trial court's ruling *de novo* since it involves purely a question of law. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998); *State v. Hansen*, 125 Idaho 927, 930, 877 P.2d 898, 901 (1994); *Sun Valley Co. v. City of Sun Valley*, 109 Idaho 424, 428, 708 P.2d 147, 150 (1985). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Newman*, 108 Idaho 5, 13 n. 12, 696 P.2d 856, 864 n. 12 (1985). The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990).

The proper consideration on appeal from an order of the district court reviewing a determination made by a magistrate, whether in a civil or criminal case, is for this Court to examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bitt*, 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990).

## III.

## IDAHO CODE § 18–918(3) IS NOT UNCONSTITUTIONALLY VOID FOR VAGUENESS

Vagueness may invalidate a criminal law either because the statute fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits or because it may authorize and even encourage arbitrary and discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 42, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67 (1999), *citing Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1859, 75 L.Ed.2d 903, 908, 909 (1983). The test for vagueness to be applied in Idaho, if the law does not regulate constitutionally protected conduct or a significant amount of that conduct, is to ask whether the statute gives notice to those who are subject to it and whether the statute provides sufficient guidelines for the exercise of discretion by those who must enforce the ordinance. *See State v. Bitt*, 118 Idaho at 588, 798 P.2d at 47. It has long been held that a statute should not be held void for uncertainty if any practical interpretation can be given the statute. *City of Lewiston v. Mathewson*, 78 Idaho 347, 350, 303 P.2d 680 (1956).

The pertinent portions of the domestic violence statute are as follows:

> **I.C. § 18–918. Domestic violence.**—(1) For the purpose of this section, "household member" means a person who is a spouse, former spouse, or a person who has a child in common regardless of whether they have been married or a person with whom a person is cohabiting, whether or not they have married or have held themselves out to be husband or wife.
>
> (2) As used in this section, "traumatic injury" means a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force.
>
> (3) Any household member who willfully inflicts a traumatic injury upon any other household member is guilty of a felony.
>
> . . .
>
> (5) A household member who commits a battery, as defined in section 18–903, Idaho Code, against another household member, which does not result in traumatic injury is guilty of a misdemeanor domestic battery.

The statute defining the crime of simple battery, I.C. § 18–903, provides:

> A battery is any:
>
> (a) Willful and unlawful use of force or violence upon the person of another; or
>
> (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or

(c) Unlawfully and intentionally causing bodily harm to an individual.

According to the domestic violence statute, an individual can commit misdemeanor domestic battery in one of the three ways expressed in I.C. § 18–903, which does not result in traumatic injury. *See* I.C. § 18–918(5). If there is a traumatic injury, however, then the crime is a felony under I.C. § 18–918(3). The elements of felony domestic battery are defined without reference to I.C. § 18–903. Clearly, a person's conduct may violate I.C. § 18–903(a) or (b) without rising to the level of a felony as a violation of I.C. § 18–918(3). A person may be charged and convicted of a felony if that person is a "household member who willfully inflicts a traumatic injury upon any other household member." *See* I.C. § 18–918(3). There may be an overlap between the application of I.C. § 18–903(c) and I.C. § 18–918(3), but this overlap is insufficient, in our view, to create a vagueness that causes I.C. § 18–918 to fail to pass constitutional muster.

■■■ The state argues that the statute is not impermissibly vague because it provides a reasonable opportunity for citizens to know what conduct is prohibited. The words of a statute alleged to be unconstitutionally vague should not be evaluated in the abstract, but should be considered in reference to the particular conduct of the defendant challenging the statute. *State v. Hansen*, 125 Idaho 927, 877 P.2d 898 (1994); *State v. Marek*, 112 Idaho 860, 736 P.2d 1314 (1987). In addition, terms in a statute are given their commonly understood, everyday meanings, unless the legislature has provided a definition. *State v. Richards*, 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct.App.1995), *citing Ada County Assessor v. Roman Catholic Diocese*, 123 Idaho 425, 849 P.2d 98 (1993).

In this case, Larsen was charged by criminal complaint with causing external wounds by physical force, specifically rug burns and/or abrasions and bruises. A person of common intelligence would not have to guess that conduct which produces external wounds to another household member causes traumatic injury under I.C. § 18–918(2), which in turn is proscribed by I.C. § 18–918(3). Further, reasonable persons would not disagree that conduct which willfully causes external wounds, such as those suffered by the victim in this case, is within the conduct that the statute seeks to punish with criminal sanctions.

The state also claims that the absence of the word "unlawfully" in the felony provision of the statute, I.C. § 18–918(3), does not render the statute void for vagueness, as the magistrate held. We agree. The title to the legislation when § 18–918 initially was enacted by the legislature explicitly identified the statute as creating a new crime, domestic assault and battery. 1993 Idaho Sess. Laws, ch. 344, p. 1283. The enactment specified that the legislation would be located in Chapter 9 of Title 18 of the Idaho Code, which is commonly known as the criminal code. Finally, the terms of the statute clearly render a violator subject to penal liability through the imposition of a fine and imprisonment. Under these circumstances, it cannot be argued seriously that the failure of the legislature to characterize the conduct condemned by the statute as "unlawful" renders the statute vague.

We find no basis to strike down the statute as unconstitutionally vague.

## IV.

### IDAHO CODE § 18–918(3) IS NOT UNCONSTITUTIONAL ON EQUAL PROTECTION GROUNDS

■■ Here, the magistrate found the crimes of felony and misdemeanor domestic battery to be statutorily defined by the same elements, but carrying different criminal sanctions. The magistrate concluded that as a result, Larsen was denied equal protection because the prosecutor had complete discretion to choose the provision of the statute under which Larsen would be charged.

We held earlier in this opinion that conduct causing a traumatic injury differentiates a felony domestic battery from a misdemeanor domestic battery. Thus, the provisions of I.C. § 18–918(3) and I.C. § 18–918(5) do not define identical conduct which entails different penalties, and the magistrate's finding to the contrary is clearly erroneous.

To prevail on a claim that the law was applied unequally as to him, a defendant must show a deliberate and intentional plan of discrimination against him, based on some unjustifiable or arbitrary classification, such as race, sex, or religion. *State v. Edmonson,* 113 Idaho 230, 235, 743 P.2d 459, 464 (1987), *citing State v. Bowman,* 104 Idaho 39, 655 P.2d 933 (1982). When an act violates more than one criminal statute, the government may prosecute either violation so long as the government does not discriminate against any class of defendants. *See United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2204, 2205, 60 L.Ed.2d 755, 765, 766 (1979); *State v. Payan,* 132 Idaho 614, 617, 977 P.2d 228, 231 (Ct.App.1998) (holding the reasoning in *Batchelder* to be equally applicable to an analysis under the equal protection provision in the Idaho Constitution). Larsen has not suggested that the state's choice to prosecute him under I.C. § 18–918(3) was based upon an unjustifiable or discriminatory standard. Indeed, Larsen asserts in his brief, "here, there is no classification." Thus, at issue is not a true equal protection claim but a challenge to the discretion vested in prosecutors to decide which crime to prosecute. *See LaBarge v. State,* 116 Idaho 936, 939, 782 P.2d 59, 62 (Ct.App.1989). We find no showing of an abuse of the prosecutor's discretion.

## V.

### CONCLUSION

Idaho Code, section 18–918(3) is not unconstitutionally void for vagueness. In addition, Larsen has failed to establish that his prosecution under I.C. § 18–918(3) violates the equal protection guarantees of the United States or Idaho Constitutions. Accordingly, we reverse the order dismissing the charge of felony domestic violence pursuant to I.C. § 18–918(3) and remand the case for further proceedings.

Chief Justice TROUT, Justices SCHROEDER and KIDWELL and Judge McKEE, pro tem concur.