69 P.3d 126

STATE of Idaho, Plaintiff–Appellant–
Cross Respondent,

v.

David William KORSEN, Defendant–
Respondent–Cross Appellant.

No. 28276.

Supreme Court of Idaho,
Boise, January 2003 Term.

April 24, 2003.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Alan E. Trimming, Ada County Public Defender; Christian Dean Collins, Deputy Public Defender, Boise, for respondent. Christian Dean Collins argued.

WALTERS, Justice.

This appeal by the State seeks review of a decision by a magistrate that held a provision of Idaho's trespass statute, I.C. § 18–7008(8), unconstitutional because of vagueness. The magistrate's decision was upheld on an intermediate appeal to the district court and, upon an alternative analysis, the district court further ruled that the statute in question was unconstitutional also on grounds of overbreadth. By cross-appeal, the respondent, David Korsen, contends that the district court erred in concluding that Korsen was not protected under double jeopardy principles against a retrial in the event of a remand resulting from the appellate process.

This Court holds that the statute does not violate the Constitution as found by the courts below, either on grounds of vagueness or overbreadth. This Court also concludes that double jeopardy does not prohibit retrial of the trespass charge against Korsen.

## FACTUAL AND PROCEDURAL BACKGROUND

David Korsen appeared at the office of the Idaho Department of Health and Welfare in Boise to discuss his child support obligations. He informed personnel at the office that he might get loud and that he was not going to leave until he obtained some relief regarding his support requirements. He learned from the social worker that only the court could grant the relief he was seeking through making adjustments to child support payments he owed. The discussion grew louder and louder and, although Korsen did not use profanities or make any threats, he refused to leave the offices. The police were called, and Korsen was arrested at the scene on a

charge of trespass under I.C. § 18–7008(8), because he refused to leave after being asked by the regional director of the department, who was in charge of the offices, to vacate the premises.[1]

The case was set for trial. At the close of the state's evidence, the magistrate dismissed the trespass charge. The magistrate concluded that the statute violated the Constitution because it was void for vagueness as applied to public property and because the statute failed to properly inform a person on public property about the specific conduct prohibited by the statute. The magistrate alternatively granted Korsen's motion for acquittal under Idaho Criminal Rule 29, concluding that insufficient evidence had been presented to support a verdict of guilty on the trespass charge. Specifically, the magistrate ruled that the state failed to prove that Korsen did or said anything to justify the director's request that Korsen leave the premises.

The State appealed to the district court. The district court affirmed the magistrate's dismissal but not solely on the basis that the statute was defective by its failure to inform citizens of the conduct prohibited. The district court determined that the statute also contained no guidelines for enforcement and gave unbridled discretion to law enforcement in its application. Consequently, the district court held that the statute was void for vagueness as applied to public property. As an alternative ground, the district court found that the statute constituted a power of censorship and prior restraint of First Amendment activities and impermissibly allows individuals to be ordered off public premises merely because they express opinions of which those in charge of the property disapprove. The district court therefore held the statute to be overbroad insofar as it applies to public property.

The State appeals from the district court's determination. The State seeks a reversal

---

1. The pertinent provision of I.C. § 18–7008(8) recites:

 Every person who willfully commits any trespass, by either:

 . . .

 8. Every person, except under landlord-tenant relationship, who, being first notified in writing, or verbally by the owner or authorized agent of the owner of real property, to immediately depart from the same and who refuses so to do after being so notified;

 . . .

 Is guilty of a misdemeanor.

both of the magistrate's decision and of the district court's decision, and argues for a remand for new trial on the trespass charge. Korsen has cross-appealed, arguing that remand is prohibited by the Double Jeopardy Clause of the Constitution.

## ISSUES ON APPEAL

1. Is I.C. § 18–7008(8) valid and not facially void for vagueness, because it is not impermissibly vague in all its applications and because there is a core of circumstances to which the statute can unquestionably be constitutionally applied?

2. Is I.C. § 18–7008(8) valid and not facially overbroad, because it does not regulate a substantial amount of constitutionally protected conduct?

3. Did the magistrate err by granting Korsen's Rule 29 motion for acquittal based upon the State's failure to prove a legitimate reason for asking Korsen to leave the premises, when the statute has no such requirement as one of its elements?

4. Is Korsen protected by double jeopardy principles from a retrial on the trespass charge?

## STANDARDS OF REVIEW

 Where the issues presented involve the constitutionality of a statute, we review the magistrate's determination *de novo*. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998); *Sun Valley Co. v. City of Sun Valley*, 109 Idaho 424, 428, 708 P.2d 147, 151 (1985). The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Newman*, 108 Idaho 5, 13, n. 12, 696 P.2d 856, 864 n. 12 (1985). Whether a defendant's prosecution complies with the constitutional protection against being placed twice in jeopardy is a question of law subject to free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct.App.2000).

## DISCUSSION

Idaho Code, Section 18–7008(8) makes criminal the continued presence of an individual on property that belongs to another after being notified to depart from the property by the owner or agent. The statute exempts only persons in a landlord-tenant relationship and applies to both private and public property.

### 1. *Void for Vagueness*

The magistrate determined that I.C. § 18–7008(8), which draws no distinction between public and private property, implicates First Amendment rights of assembly and free speech. The magistrate found that the statute does not properly inform a person about what conduct gives a governmental agent legal cause to demand a person leave public facilities at the risk of criminal prosecution and that criminal liability may attach even if the person is on public property for a "lawful public purpose." The magistrate dismissed the case, holding the statute unconstitutionally vague as applied to public property.

 The void-for-vagueness doctrine is premised upon the due process clause of the Fourteenth Amendment to the U.S. Constitution. This doctrine requires that a statute defining criminal conduct be worded with sufficient clarity and definiteness that ordinary people can understand what conduct is prohibited and that the statute be worded in a manner that does not allow arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Furthermore, as a matter of due process, no one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *United States v. Smith*, 795 F.2d 841, 847 n. 4 (9th Cir.1986), *citing Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, 890 (1939), *Smith v. United States, cert. denied*, 481 U.S.

1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987). This Court has held that due process requires that all "be informed as to what the State commands or forbids" and that "men of common intelligence" not be forced to guess at the meaning of the criminal law. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998), *citing Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605, 612 (1974). A statute may be void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345 (9th Cir.1984), or if it fails to establish minimal guidelines to govern law enforcement or others who must enforce the statute. *Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S.Ct. 1855, 1858–59, 75 L.Ed.2d 903, 908–09 (1983); *State v. Larsen*, 135 Idaho 754, 756, 24 P.3d 702, 704 (2001).

■■■ A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. For a "facial vagueness" challenge to be successful, "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Hoffman Estates*, 455 U.S. at 497, 102 S.Ct. at 1193, 71 L.Ed.2d at 371. In other words, the challenger must show that the enactment is invalid *in toto*. To succeed on an "as applied" vagueness challenge, a complainant must show that the statute, as applied to the defendant's conduct, failed to provide fair notice that the defendant's conduct was proscribed or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest him. A "facial vagueness" analysis is mutually exclusive from an "as applied" analysis. *See Schwartzmiller, supra* at 1346.

■■■ Neither the magistrate nor the district court examined the constitutionality of I.C. § 18–7008(8) as it applied to Korsen's specific conduct in this case. Nor did they examine the statute *in toto*. Rather, they applied a hybridized form of the facial test, which ordinarily is used to determine if a statute is void in all its applications, by considering the statute only in its application to public property. By finding the statute

vague, not as applied to Korsen's conduct, but as to all applications on public property alone, the magistrate and the district court used an improper standard for determining whether the statute was facially vague. It was improper to conclude that the statute is invalid on its face as applied to public property, because the standard to sustain a facial challenge requires that a statute be held impermissibly vague in *all of its applications*. *See Hoffman Estates*, 455 U.S. at 497, 102 S.Ct. at 1193, 71 L.Ed.2d at 370. Furthermore, because the magistrate failed to examine the individual conduct of Korsen, consideration of the "as applied" standard with respect to only public property was in error.

■■■ Under our standard of independent review, this Court will consider the constitutional challenges raised in this case. As previously stated, in a facial challenge to a legislative enactment, "the challenger must establish that *no set of circumstances exists* under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697, 707 (1987). *See also Hoffman Estates, supra*, 455 U.S. at 498, 102 S.Ct. at 1193, 71 L.Ed.2d at 371; *State v. Newman*, 108 Idaho 5, 12, 696 P.2d 856, 863 (1985), *citing Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505, 523 (1974). Clearly, Idaho's trespass statute can be constitutionally applied. As succinctly stated by this Court in *State v. Missamore*, 119 Idaho 27, 803 P.2d 528 (1990): "All that is required for an I.C. § 18–7008(8) violation is that the defendant refuse to leave property that belongs to another after being so requested by the owner or authorized agent." *Id.* at 32, 803 P.2d at 533. In *Missamore*, the defendant was convicted of trespass based on evidence that she was on the private property of Mr. and Mrs. Schmidt; that they asked her repeatedly to leave the property; and that she refused.[2] *Id.* Because the Court has applied the statute to specific conduct, it is not so vague as to specify "no standard of conduct at all" in any application. *See Schwartzmiller, supra* at 1348.

---

**2.** Missamore's conviction for trespass was over- turned on other grounds.

When Korsen indicated that he would not leave the department offices, even after the request of the regional director in the presence of a police officer, Korsen was subject to a charge under the statute. There is no ambiguity in the language of the statute, whose terms are to be given their commonly understood, everyday meanings. *Ada County Assessor v. Roman Catholic Diocese,* 123 Idaho 425, 849 P.2d 98 (1993). Nor has the statute been given a limiting judicial construction[3] toward avoiding a possible infirmity for vagueness. *See State v. Cobb,* 132 Idaho 195, 969 P.2d 244 (1998), *citing State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct. App.1995). The statute makes no distinction between private and public property. Furthermore, the statute informs the public of the prohibited conduct, that is, remaining willfully on property belonging to another after having been asked to leave. Therefore, the statute gives fair notice of the conduct that is made criminal by the statute. Similarly, the core of circumstances to which the trespassing provision unquestionably applies is the willful refusal to leave the premises after having been asked to do so by one in authority. The statute does not allow for unbridled discretion in police enforcement. Indeed, the police have no discretion when enforcing the statute on any type of property; any person who refuses to leave after receiving a warning is subject to arrest. See, e.g. *Daniel v. City of Tampa, Florida,* 38 F.3d 546, 551 (11th Cir.1994).

Therefore, neither the magistrate's nor the district court's conclusion that the statute is void for vagueness can stand. We hold that I.C. § 18–7008(8) is not unconstitutional under the void-for-vagueness doctrine.

### 2. *Unconstitutional Overbreadth*

The State also challenges the district court's ruling that I.C. § 18–7008(8) is overbroad as applied to public property as an alternative basis chosen by the district court to uphold the magistrate's dismissal of the

trespass charge against Korsen. The State argues that, as with the vagueness analysis, the district court improperly used a hybrid test intertwining the "facial" analysis and the "as applied" analysis in reviewing the constitutional scope of I.C. § 18–7008(8).

The statutory crime with which Korsen was charged consists of a refusal to leave real property after being notified to depart by the owner or authorized agent of the owner. Korsen argues that the district court correctly interpreted the statute as seeking to curb constitutionally protected speech, specifically his right to petition the government for redress of grievances (regarding his child support obligations), as provided by the express language of the First Amendment.[4] He asserts that I.C. § 18–7008(8) sweeps too broadly and includes otherwise lawful activities and speech traditionally accorded protection in public places.

■ The question of whether a statute regulates constitutionally protected conduct should begin the court's analysis of an overbreadth challenge. *See State v. Bitt,* 118 Idaho 584, 589, 798 P.2d 43, 48 (1990). If the answer to this first step is in the affirmative, then the next step asks whether the statute precludes a significant amount of the constitutionally protected conduct. *See id.*

■ The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately regulated conduct, include within their prohibitions constitutionally protected freedoms. *State v. Leferink,* 133 Idaho 780, 785, 992 P.2d 775, 780 (1999), *citing State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct.App.1995). When a statute may deter protected speech only to some unknown extent, we cannot justify invalidating the statute and thereby prohibit the government from regulating conduct within its power to proscribe. *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830, 841 (1973).

---

**3.** In *Missamore, supra,* the Court held that no reason needed to be articulated to request the trespasser to leave the property.

**4.** The First Amendment provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or of the right of the people to peaceably assemble, and to petition the government for redress of grievances.

"If the overbreadth is 'substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *State v. Leferink supra, citing Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503–04, 105 S.Ct. 2794, 2801–02, 86 L.Ed.2d 394, 405–06 (1985). Overbreadth, however, is not substantial if, "despite some possibly impermissible application, the 'remainder of the statute ... covers a whole range of easily identifiable and constitutionally proscribable ... conduct....' " *State v. Leferink, supra.*

The United States Supreme Court has recognized that the overbreadth doctrine should be applied sparingly. In *Broadrick v. Oklahoma, supra,* the Court said:

> [F]acial overbreadth adjudication is an exception to our traditional rules of practice and ... its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.

*Id.* at 615, 93 S.Ct. at 2917, 37 L.Ed.2d at 842.

A statute that is found to be overbroad may not be enforced at all, even against speech or conduct that could constitutionally be prohibited by a more narrowly drawn statute. *Id.* at 613, 93 S.Ct. at 2916, 37 L.Ed.2d at 840. However, a statute will not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional applications. *Members of City Council v. Taxpayers of Vincent,* 466 U.S. 789, 800, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772, 783 (1984). Rather, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court ..." *Id.* at 801–02, 104 S.Ct. at 2126, 80 L.Ed.2d at 784. Therefore, the Supreme Court has developed a requirement

that the overbreadth must be "substantial" before the statute will be held unconstitutional on its face. *Id.* Only if the statute "intrude[s] upon a substantial amount of constitutionally protected conduct" may it be struck down for overbreadth. *State v. Newman,* 108 Idaho at 11, 696 P.2d at 862 (*citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 368 (1982)).

As with its vagueness analysis, the district court did not find I.C. § 18–7008(8) unconstitutional under a strictly "as applied" analysis, which requires an examination of the statute as it applied to Korsen's particular conduct in this case. The court did not find that Korsen's speech was wrongfully suppressed, that he was a victim of discrimination because of his viewpoints, or that he otherwise suffered a violation of a freedom protected by the First Amendment. Nor did the court use a purely facial overbreadth test, examining the statute *in toto.* Instead, the court applied a hybrid analysis, applying the analysis for facial overbreadth (determining whether the statute is unconstitutional in a substantial portion of the cases to which it applies) but only in its application to public, not private, property. The district court failed to determine, under the correct facial analysis, whether the statute, which makes no distinction between public and private property, is unconstitutional in a substantial portion of public *and private* property cases.

The district court ruled that I.C. § 18–7008(8) is unconstitutionally overbroad as it applies to all public property, regardless of the conduct or speech in which a particular defendant is engaging on that property. By finding the statute overbroad, not as applied to Korsen's conduct, but as to all applications on public property, the district court erroneously combined the facial and "as applied" standards of overbreadth. As with vagueness claims, these standards cannot be combined. To find that a statute is facially overbroad, and therefore unenforceable as to everyone, and not just the defendant, requires a determination that it is invalid *in toto* and therefore incapable of any valid application. *Newman,* 108 Idaho at 11 n. 7, 696 P.2d at 862. When a criminal statute

contains a general prohibition that makes no distinction among different applications of the prohibition, a court cannot conclude that a statute is facially overbroad only in one particular application, but not overbroad in another. *See Schwartzmiller,* 752 F.2d at 1346.

By not choosing either the facial or the "as applied" analysis, but instead improperly combining them both to reach its conclusion that I.C. § 18–7008(8) is overbroad, the district court erred as a matter of law. Having reached that conclusion, this Court will determine the issue *de novo.*

In *Broadrick,* the Supreme Court observed that where *conduct* is involved, the overbreadth of a statute must be both real and substantial when judged in relation to its legitimate sweep, and whatever problems exist should be cured in a particular case by case analysis of the fact situation to which the statute's sanctions, assuredly, may not be applied. 413 U.S. at 614–15, 93 S.Ct. at 2917–18, 37 L.Ed.2d at 841–42. Idaho's trespass statute is not aimed at regulating speech or communication in any form. Contrary to the district court's ruling, in light of the statute's plainly legitimate sweep in regulating conduct, it is not so substantially overbroad that any overbreadth that may exist cannot be cured on a case-by-case basis. *Id.* at 615–16, 93 S.Ct. at 2917–18, 37 L.Ed.2d at 841–42.

▮ As an example of the statute's reaching constitutionally protected speech, the district court pointed out the situation of people entering the Capitol to meet with legislators, asserting that, because the threat of prosecution under the trespass statute "potentially chills such clearly protected activity, the Court finds that the statute is unconstitutional in a substantial portion of the cases to which it applies." This conclusion, however, illustrates the district court's erroneous application of the facial overbreadth doctrine. A statute will not be invalidated for overbreadth merely because it is possible to come up with a hypothetical situation in which the statute is unconstitutional as applied. *Tax-*

*payers for Vincent,* 466 U.S. at 800, 104 S.Ct. at 2126, 80 L.Ed.2d at 783. Rather, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court...." *Id.,* at 801–02, 104 S.Ct. at 2126, 80 L.Ed.2d at 784.

▮ Not addressed by the district court is the statute's application, without constitutional implications, to private property or to cases involving purely conduct and not speech. Physical presence in a public building dedicated to public uses other than that of a public thoroughfare, even presence for the purpose of communicating ideas, is not "pure speech." Not all conduct claimed to have communicative purpose is protected as speech by the First Amendment. *See Cox v. Louisiana,* 379 U.S. 536, 555, 85 S.Ct. 453, 464, 13 L.Ed.2d 471, 484 (1965). The statute is also capable of constitutional application to government-owned nonpublic forums, such as government office buildings or portions of college campuses that, unlike traditional public forums such as a public street, public park or sidewalk, or the steps of the state Capitol building, are not open to the public for expressive activities.[5] *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45–46, 103 S.Ct. 948, 954–956, 74 L.Ed.2d 794, 804–805 (1983); *Bader v. State,* 15 S.W.3d 599, 604–05 (Tex.App.2000). The facts in Korsen's case do not provide a situation where the exercise of free speech was impinged. Rather, Korsen showed up at the Health and Welfare office to conduct legitimate business, *i.e.,* to discuss his child support obligation with the agency charged with overseeing collection of child support. When it appeared that his desire to obtain modification of the obligation could not be obtained at that office but, as he was informed, was a matter that properly should be addressed to the court where the obligation was established, the purpose of his visit to the Health and Welfare office came to an end.

Assuming that a criminal trespass prosecution is filed pursuant to I.C. § 18–7008(8)

---

**5.** The district court correctly found the Health and Welfare building in this case to be a nonpub-
lic forum.

against a person on public property who is exercising his or her free speech rights, the statute could be attacked as applied to that constitutionally-protected conduct. This does not render the statute substantially overbroad. A reasonable reading of I.C. § 18–7008(8) shows that the statute does not reach a substantial amount of constitutionally protected conduct. The district court therefore committed reversible error in determining that the statutory language is overbroad.

### 3. *Rule 29 Acquittal*

As an alternative to the dismissal based on the unconstitutionality of I.C. § 18–7008(8), the magistrate also dismissed the case against Korsen pursuant to I.C.R. 29. Specifically, the magistrate found that the State had failed to prove that Korsen gave the director any reason for asking Korsen to leave the premises. At the close of the State's case, the magistrate then concluded as a matter of law that the State had not provided sufficient evidence to prove Korsen guilty of criminal trespass.

 "A defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' " *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 78 (1978), *quoting United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642, 651 (1977) (brackets in original). In Korsen's case, the magistrate, "as a result of legal error, determined that the government could not prove a fact that is not necessary to support a conviction." *See United States v. Maker*, 751 F.2d 614, 625 (3d Cir.1984). The Idaho courts have construed I.C. § 18–7008(8) to not require that a property owner provide a reason for asking trespassers to get off his land. *State v. Missamore, supra; State v. Bowman*, 124 Idaho 936, 866 P.2d 193 (Ct.App. 1993). Accordingly, the magistrate's acquittal was erroneously based on a lack of evidence that ultimately was not necessary to convict Korsen of trespass. This Court concludes that it was error for the magistrate to dismiss the case under Rule 29.

### 4. Double Jeopardy

In response to the State's claim in the appellate proceeding before the district court that the magistrate erred in dismissing the case, Korsen asserted that if the magistrate erred then Korsen was protected from a retrial on the charge by virtue of double jeopardy principles. Although the district court ruled against the State and upheld the magistrate's dismissal, the district court also ruled that double jeopardy did not apply because the acquittal by the magistrate was based on an erroneous legal ruling. As a result of the State's appeal to this Court, Korsen has cross-appealed, challenging the district court's determination concerning the propriety of a remand for further proceedings in the event this Court upholds the constitutionality of the statute. Korsen argues that even if the Rule 29 dismissal was made in error, double jeopardy had attached, barring a retrial on the trespass charge in the event of a remand. We hold that because the magistrate's dismissal was based upon an erroneous legal, not factual, conclusion, double jeopardy does not bar a retrial on the trespass charge.

 The Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Article 1, § 13 of the Idaho Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." Jeopardy attaches in a jury trial when the jury is impaneled and sworn. *State v. Santana*, 135 Idaho 58, 64, 14 P.3d 378, 384 (Ct. App.2000). The attachment of jeopardy will not always bar retrial, however. "[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974, 978 (1949).

 If the trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against

double jeopardy bars a retrial on that charge. *Smalis v. Pennsylvania,* 476 U.S. 140, 144–46, 106 S.Ct. 1745, 1748–49, 90 L.Ed.2d 116, 121–22 (1986); *United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 78 (1978); *State v. Lewis,* 96 Idaho 743, 750, 536 P.2d 738, 745 (1975). Thus, only if the trial court, in terminating the proceedings, actually resolved in favor of the defendant a factual element necessary for a criminal conviction, can a dismissal appropriately be deemed an acquittal. *United States v. Maker,* 751 F.2d 614, 622 (3rd Cir.1984) (outlining cases holding that there is an "acquittal" only if the trial court's disposition actually represented a resolution of an essential factual element of the offense charged). The magistrate's characterization of its action, for example, as an I.C.R. 29 acquittal, is not dispositive on the issue of whether the dismissal was an acquittal. *Scott,* 437 U.S. at 97, 98 S.Ct. at 2197, 57 L.Ed.2d at 78 (label used by the trial court in dismissing charges is not dispositive); *United States v. Kennings,* 861 F.2d 381, 384 n. 5 (3rd Cir.1988) (trial court's reference to Rule 29 is not dispositive on the issue of whether the dismissal was an acquittal).

■ Thus, to decide whether double jeopardy bars a retrial in this case, it must be determined if the magistrate court resolved in Korsen's favor an "essential element of the offense charged." *Maker,* 751 F.2d at 622–23, *quoting Carter v. Estelle,* 677 F.2d 427, 452–53 (5th Cir.1982). The record shows that the magistrate dismissed the trespass charge against Korsen on the ground that the trespass statute is unconstitutionally vague as applied to public property and, alternatively, on the ground that the state official who requested that Korsen leave the Health and Welfare office failed to express an adequate reason for doing so. The determination that the trespass statute requires this "adequate reason" element was a legal one. The determination that the reason in this case was not adequate was, at least arguably, factual. However, the finding did not actually determine in Korsen's favor any of the essential elements of the crime of trespass. Rather, by requiring proof of an adequate reason for asking someone to leave public property, the magistrate effectively

created an additional statutory element to I.C. § 18–7008(8) that the law does not require. Because the magistrate's determination that there was inadequate reason for asking Korsen to leave the Health and Welfare offices did not resolve an essential element of trespassing, the dismissal of the case on that ground does not constitute an "acquittal" implicating double jeopardy concerns. Retrial is therefore not barred. *See Maker,* 751 F.2d at 623 (double jeopardy not implicated and retrial not barred where trial court, as a result of legal error, determined that government could not prove a fact that was not necessary to support a conviction).

The district court's conclusion that retrial is not barred is consistent with the policies underlying the principle of double jeopardy. As the Third Circuit noted, "[t]his is not a case in which a second trial is permitted 'for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceedings.' " *Maker,* 751 F.2d at 624, *quoting Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (1978). "Instead, this is a case in which the [trial] court, as the result of a legal error, determined that the government could not prove a fact that is not necessary to support a conviction." *Maker,* 751 F.2d at 624.

Korsen argues that the facts in *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975), are analogous to this case, and that double jeopardy should similarly be found. In *Lewis,* this Court found that the district court had erroneously dismissed rape and kidnapping charges. The Court determined that the trial court erroneously viewed the evidence regarding the kidnapping charge. *Id.* at 748, 536 P.2d at 743. As to the rape charges, however, the Court specifically noted that it was unclear from the record whether the lower court had dismissed on the basis of an erroneous evaluation of the evidence or upon an erroneous interpretation of the legal elements necessary to prove rape. We found double jeopardy applicable only because "the dismissals *might* have been based upon a factual determination . . . ." *Id.* at 748–50, 536 P.2d at 743–45 (emphasis added). Thus, the holding of *Lewis* is entirely consistent with

cases that hold that the double jeopardy clause is not offended, and therefore retrial is not barred, by a dismissal based upon an erroneous conclusion that the evidence is inadequate to prove an element not necessary to support the charged offense.

The magistrate below, as a result of a legal error, concluded that the State failed to prove a fact that was not necessary to support a conviction for trespass. It was a misapprehension of the law—that a legitimate reason to ask the trespasser to leave the premises was one element of the trespass crime—that led to the magistrate's ruling to dismiss pursuant to Rule 29, not the resolution of a factual dispute in favor of the defendant. Accordingly, the dismissal on this basis did not constitute an "acquittal" necessary to trigger the double jeopardy prohibition, and retrial is not barred.

## CONCLUSION

The magistrate's conclusion that I.C. § 18–7008(8) is void for vagueness and the district court's conclusion that the statute is unconstitutional as overbroad are reversed. The magistrate's order dismissing the charge is vacated, and the case is remanded for further proceedings consistent herewith.

Chief Justice TROUT, and Justices SCHROEDER, and EISMANN concur.

Justice KIDWELL, dissenting.

I find Idaho Code § 18–7008(8) unconstitutionally overbroad as applied to defendant Korsen. Therefore, I respectfully dissent.

## ANALYSIS

This Court determines whether a person's constitutional rights have been violated independently of the lower court. *Willie v. Bd. of Trustees,* 138 Idaho 131, 59 P.3d 302 (2002) (citing *Bradbury v. Idaho Judicial Council,* 136 Idaho 63, 67–68, 28 P.3d 1006, 1010–11 (2001)). A statute that prohibits legitimately regulated conduct, but also prohibits constitutionally protected conduct, may be subject to invalidation under the overbreadth doctrine. *State v. Leferink,* 133 Idaho 780, 784, 992 P.2d 775, 779 (1999). The first step in applying the overbreadth doctrine requires a

determination of whether the statute in question regulates constitutionally protected conduct. *State v. Bitt,* 118 Idaho 584, 587–88, 798 P.2d 43, 46–47 (1990). If that question is answered affirmatively, the second step in applying the overbreadth doctrine requires one to determine whether the statute precludes significantly more protected conduct than is necessary. *Id.* In a situation where a statute is purportedly overbroad as applied, this Court need only consider whether the statute precluded a significant amount of the defendant's protected conduct. *See State v. Hammersley,* 134 Idaho 816, 820–21, 10 P.3d 1285, 1288 (2000).

Under I.C. § 17–7008(8), a person willfully commits trespass, a crime punishable as a misdemeanor, when he/she is notified by the owner, or an authorized agent, of real property to immediately depart and refuses to do so upon notification. The statute makes no attempt to distinguish between privately or publicly owned real property. The statute, while not directly implicating protected conduct, clearly may regulate protected conduct, freedom of speech occurring on publicly owned property, in particular.

Having answered the question whether the trespass statute regulates protected conduct in the affirmative, the next question in an "as applied" analysis is whether the trespass statute precluded significantly more of Korsen's protected conduct than necessary. The record shows Korsen went to the office of the Idaho Department of Health and Welfare (Health and Welfare), a publicly owned building located on public property, in order to discuss a government imposed child support obligation. Korsen informed a security guard he might get loud. As predicted, Korsen became loud while discussing his case with a Health and Welfare employee after he was informed only a court could modify his child support obligation. At some point, the security guard asked if he should call the police, to which Korsen replied it would be a good idea to call the police. Korsen refused to wait for the police outside the building. When the police arrived, the Health and Welfare Director at the building was informed he must first ask Korsen to leave the building before the police could arrest him.

The Director discussed Korsen's support obligations with him, but advised Korsen only a court could modify his support obligation as he requested. Korsen stated he refused to leave the building until someone at Health and Welfare did something to help him. Though he raised his voice, Korsen never used profanity or offensive language, nor did he threaten anyone, physically or verbally. The Director eventually asked Korsen to leave and when he refused, the officer arrested him for trespassing.

The majority states Korsen went to the Health and Welfare building to conduct legitimate business, but when that legitimate business ended and Korsen refused to leave, he was in violation of I.C. § 18–7008(8). The majority correctly states the Health and Welfare building is not a traditional public forum. However, it is a public building located on public property and Korsen did have a clear right to be there to discuss a state imposed support obligation. Korsen, in exercising his First Amendment rights in a public building to public personnel, reacted to what is undoubtedly a very emotional issue for him. I.C. § 18–7008(8) is a criminal statute meant to penalize criminal behavior. The facts in the record simply do not support the idea that Korsen's behavior rose to the level of criminal conduct. The trespass statute, in providing a legal means for Health and Welfare to rid itself of Korsen, a citizen occupying its building, precluded significantly more of Korsen's protected speech than necessary.

It is arguable that the decisions of the magistrate and district courts take the same position as this dissent. Both courts found I.C. § 18–7008(8) vague and/or overbroad as applied to public property. Rather than engaging in a "hybrid" analysis that confused the "as applied" and "facially" vague and/or overbroad analyses as the majority finds, it seems both lower courts were stating I.C. § 18–7008(8) was vague and/or overbroad as applied to Korsen's exercise of his First Amendment rights on public property.

For these reasons, I would affirm the judgment of the magistrate court.