Chief Justice EISMANN,
dissenting.
During the court trial on Part II of the information (alleging two prior convictions of driving while under the influence (DUI)) and on Part III of the information (alleging two prior felony convictions), the State offered Exhibit 7, which the district court described as “photocopies of what purported to be court records and court minutes (register of actions/doeket) regarding an August 8, 2001, citation for DUI, and what appears to be a *483 December 4, 2002, conviction on that charge in Superior Court, Kern County, California.” The district court sustained an objection to Exhibit 7, but granted the State a continuance to permit it to obtain admissible documents.
At the continued trial, the State offered Exhibit 7B, which was a corrected Exhibit 7. As the district court stated in its memorandum decision: “At the continued trial on Part II and Part III, Exhibit 7B was admitted into evidence. Exhibit 7B comprises the same documents (in different order) as Exhibit 7, but with all the requirements of I.R.E. 902(4) and 902(1) having been met.”
Then, in the words of the district court, “At the conclusion of the evidence as to Part II of the Information, this Court ordered simultaneous briefing on July 22, 2008, by both sides on the applicability of the Full Faith and Credit Clause.” The court then heard evidence regarding Part III and ruled that it had not been proved, but stated that it would revisit that ruling after considering the briefs regarding the Full Faith and Credit Clause.
With respect to Part II, the district court separately analyzed the Idaho Rules of Evidence and the Full Faith and Credit Clause. In analyzing Part II under the evidence rules, the court held that Part II of the information had been proved. It wrote, “If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of Part II, due to the admission of Exhibit 7B and Exhibit 8. However, that is not the end of the inquiry. This Court will discuss the Full Faith and Credit issues next.”
The district court then analyzed the requirements of 28 U.S.C. § 1738 and Idaho Code § 9-312 to determine whether the California judgment admitted as Exhibit 7B was entitled to full faith and credit under those statutes.[6] The court concluded, “This Court cannot give the foreign judicial record full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. Under the Full Faith and Credit analysis, Howard is NOT GUILTY as to Part II and Part III of the Information.”
Thus, during the court trial, the district court admitted into evidence the California conviction. The court then ordered post-trial briefing “on the applicability of the Full Faith and Credit Clause.” After reviewing the briefing, the court adhered to its prior ruling that the California conviction was admissible under the Idaho Rules of Evidence. In fact, the court wrote that “[i]f admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of Part II ____” (Emphasis added.) After upholding the admission of the California judgment into evidence, the court conducted its full-faith-and-eredit analysis. During that analysis, the court stated, “In the instant case, because of the State’s failure to follow either 28 U.S.C. § 1738 or I.C. § 9-312, this Court is unable to give Full Faith and Credit to the documents offered by the State of Idaho.” It then concluded: “This Court cannot give the foreign judicial record full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. Under the Full Faith and Credit analysis, Howard is NOT GUILTY as to Part II and Part III of the Information.” (Emphasis added.)
Nowhere did the court state that the California conviction was inadmissible under its full-faith-and-eredit analysis. It did not reverse itself on the admissibility of the evidence. Rather, it held that for Howard to be guilty of felony DUI, the California DUI had to be both admissible under the Idaho Rules of Evidence and entitled to full faith and credit under 28 U.S.C. § 1738.
By holding that Howard was not guilty of Part II based upon its “Full Faith and Credit *484 analysis,” the district court added an additional element that the State was required to prove in order to convict Howard of felony DUI. Because the acquittal was due to the State’s failure to prove something that was not an essential element of the offense charged, double jeopardy does not bar retrial. State v. Korsen, 138 Idaho 706, 69 P.3d 126 (2003). In Korsen, the magistrate acquitted Korsen of trespass for failing to leave a government office after being requested to do so. The magistrate acquitted Korsen because the State had failed to prove that he had done or said anything that would justify the request that he leave, which was not an element of the crime. We held that Korsen could be retried, stating, “Because the magistrate’s determination that there was inadequate reason for asking Korsen to leave the Health and Welfare offices did not resolve an essential element of trespassing, the dismissal of the case on that ground does not constitute an ‘acquittal’ implicating double jeopardy concerns.” Id. at 717, 69 P.3d at 137. The same analysis applies here. That the California conviction be entitled to full faith and credit under federal law is not an element of the crime of felony DUI. Therefore, Howard can be retried without violating the Double Jeopardy Clause of the Federal Constitution.
W. JONES concurs.

. Idaho Code § 9-312 has nothing to do with full faith and credit. The Full Faith and Credit Clause of the Constitution of the United States provides: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." The Constitution gives Congress the power to implement the Full Faith and Credit Clause, id., and in 1948 it enacted 28 U.S.C. § 1738 to do so, Durfee v. Duke, 375 U.S. 106, 107 n. 2, 84 S.Ct. 242, 243 n. 2, 11 L.Ed.2d 186, 188 n. 2 (1963). Idaho Code § 9-312 was enacted by the Idaho legislature in 1881, as one means of proving a foreign judicial record.