# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36648

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

SHAWN M. FLUEWELLING,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, January 2011 Term

2011 Opinion No. 29

Filed: March 17, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Ronald J. Wilper, District Judge.

The judgment of the district court is <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. John McKinney argued.

Griffard Law Offices, Boise, for appellant. Leo Griffard argued.

---

EISMANN, Chief Justice.

This is an appeal contending that prosecution for possessing marijuana with the intent to deliver it violated the right to practice a religion in which marijuana is used as a sacrament. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Shawn Fluewelling (Defendant) was indicted for possession of marijuana with the intent to deliver, a felony. On January 12, 2008, a Meridian police officer responded to a call regarding the odor of marijuana near Defendant's residence. When he arrived, the officer could smell the odor of marijuana coming from the residence. He knocked on the door and spoke with Defendant, who explained that as an active practitioner of THC Ministries, he smoked marijuana and cooked with it. Defendant also stated that he had smoked marijuana the prior day, that he had recently cooked marijuana in the residence, and that during the past few hours he had

smoked marijuana with two other people. Two days later, officers executed a search warrant at Defendant's home, in which they found nine grams of marijuana. During the search, Defendant waived his *Miranda* rights and talked with the officers. He told them that he was an ordained minister in THC Ministries and that he provided marijuana to be smoked by his friends as a sacrament, but he did not receive any compensation for doing so. He also produced a "sanctuary card" and stated that his residence was a sanctuary making it free from any laws. He explained that marijuana was a sacrament in his religion, that he kept it in a "sacrament box" (a cigar humidor), and that he anoints others with marijuana by packing it in a pipe for them to smoke in his residence.

A grand jury indicted Defendant for possession of marijuana with the intent to deliver, a felony. He filed a motion to dismiss the indictment, arguing that the prosecution violated his right to the free exercise of religion protected by the State and Federal Constitutions. He also contended that the statute under which he was charged was unconstitutionally vague because the definition of "deliver" was so broad that it gave the prosecuting attorney discretion to charge either a felony or a misdemeanor. The district court denied both motions, and Defendant pled guilty, reserving his right to appeal. After he was sentenced and the judgment of conviction was entered, Defendant timely appealed.

## II. ISSUES ON APPEAL

A. Is Idaho Code § 37-2732(a) unconstitutionally vague?
B. Did the prosecution of Defendant for possession of marijuana with the intent to deliver violate his constitutional right to the free exercise of his religion?

## III. ANALYSIS

**A. Is Idaho Code § 37-2732(a) Unconstitutionally Vague?**

Defendant was charged with the possession of marijuana with the intent to deliver in violation of Idaho Code § 37-2732(a)(1)(B). The amount of marijuana found during the search of Defendant's residence was about one-third of an ounce. Simply possessing that amount of marijuana (less than three ounces) is a misdemeanor, Idaho Code § 37-2732(c)(3), but it is a felony to possess it with the intent to deliver it, Idaho Code § 37-2732(a)(1)(B).

Prior to pleading guilty, Defendant filed a motion to transfer the case to the magistrate division of the district court so that it could be processed as a misdemeanor. He contended that the statute was unconstitutionally vague because "[i]n this case there is no rational way to distinguish between the felony of jointly possessing a misdemeanor amount of marijuana with the intent to deliver and the misdemeanor of jointly consuming less than 3 ounces of marijuana." The district court denied the motion.

The statutory definition of the word "deliver" is "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." Idaho Code § 37-2701(g). "A statute may be void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it fails to establish minimal guidelines to govern law enforcement or others who must enforce the statute." *State v. Korsen*, 138 Idaho 706, 712, 69 P.3d 126, 132 (2003) (citations omitted).

Defendant does not present any argument that the statutory definition of "deliver" fails to give adequate notice to people of ordinary intelligence concerning the meaning of that word. He does not contend that the word "transfer" is ambiguous. He likewise does not present any argument that the statutory meaning fails to establish minimal guidelines to govern law enforcement or others regarding whether someone had delivered, or had the intent to deliver, a controlled substance.

Answering the example that Defendant posited to the district court, the difference between jointly possessing marijuana with the intent to deliver and jointing consuming it is the intent to transfer the marijuana to another person. If those jointly possessing it intended to transfer it to another, including to each other, then they would be guilty of the felony.

In this case, the difference between the misdemeanor of possession and the felony of possession with intent to deliver is simply the existence of Defendant's intent to deliver the marijuana to others. Absent that intent, he would have committed a misdemeanor. Evidence of his intent came from his statements to the police.

Defendant also argues, "In the case of more than one person sharing and using a small amount of marijuana, this problem is compounded by the lack of a requirement that 'delivery' encompass some type of consideration or remuneration involved in the transfer of the marijuana from one person to another." This is really an argument that the statute is overbroad. "The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately

3

regulated conduct, include within their prohibitions constitutionally protected freedoms." *Korsen*, 138 Idaho at 713, 69 P.3d at 133. Defendant has not presented any argument or authority supporting the proposition that giving a controlled substance to another for free infringes upon some constitutionally protected freedom. The district court did not err in rejecting Defendant's contention that the statute was unconstitutionally vague.

**B. Did the Prosecution of Defendant for Possession of Marijuana with the Intent to Deliver Violate His Constitutional Right to the Free Exercise of His Religion?**

Prior to pleading guilty, Defendant also filed a motion to dismiss on the ground that this prosecution infringed upon his right to practice his religion. The district court denied that motion. He raises that same argument on appeal. The only aspects of the religion mentioned in the record are smoking and ingesting marijuana. We assume for the purposes of this appeal that such activity can involve the free exercise of a religion under the First Amendment to the Constitution of the United States.

The Free Exercise Clause of the First Amendment prohibits Congress from making a law prohibiting the free exercise of religion. The United States Supreme Court has held that the First Amendment applies to the States through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). In *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), the Court considered whether a state statute prohibiting the religiously inspired use of peyote violates the Free Exercise Clause of the First Amendment. In addressing the issue, the Court distinguished between religious beliefs, which a state may not regulate, *id*. at 877, and religiously motivated conduct, which a state can regulate under an otherwise valid statute of general application, *id.* at 878-79. "[T]he right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Id*. at 879 (quoting *United States v. Lee*, 455 U.S. 252, 263 n.3 (1982) (Stevens, J., concurring in judgment)).

Defendant does not contend that Idaho Code § 37-2732(a)(1)(B) is not a valid and neutral law of general applicability. That it may proscribe conduct that Defendant's religion prescribes does not violate the Free Exercise Clause of the First Amendment.

4

Defendant also contends that the statute violates Article I, § 4, of the Idaho Constitution, which provides:

> The exercise and enjoyment of religious faith and worship shall forever be guaranteed; and no person shall be denied any civil or political right, privilege, or capacity on account of his religious opinions; but the liberty of conscience hereby secured shall not be construed to dispense with oaths or affirmations, or excuse acts of licentiousness or justify polygamous or other pernicious practices, inconsistent with morality or the peace or safety of the state; nor to permit any person, organization, or association to directly or indirectly aid or abet, counsel or advise any person to commit the crime of bigamy or polygamy, or any other crime. No person shall be required to attend or support any ministry or place of worship, religious sect or denomination, or pay tithes against his consent; nor shall any preference be given by law to any religious denomination or mode of worship. Bigamy and polygamy are forever prohibited in the state, and the legislature shall provide by law for the punishment of such crimes.

This provision in the Constitution does not protect against prosecution for conduct that violates a neutral criminal statute of general applicability simply because such conduct may be engaged in for religious reasons. It was intended, in part, to permit the criminalization of bigamy and polygamy even if it was engaged in as a religious practice. *Toncray v. Budge*, 14 Idaho 621, 647-48, 95 P. 26, 35 (1908). This section expressly provides that "the liberty of conscience hereby secured shall not be construed . . . to permit any person . . . to directly or indirectly aid or abet, counsel or advise any person to commit . . . any other crime." As this Court stated in *Toncray*, " 'Laws are made for the government of actions; and, while they cannot interfere with mere religious belief and opinions, they may with practices.' " *Id.* at 653, 95 P. at 37 (quoting from *Reynolds v. United States*, 98 U.S. 145, 166 (1879)).

Defendant relies upon the phrase, "nor shall any preference be given by law to any religious denomination or mode of worship." He contends that a preference has been granted to another religion by Idaho Code § 37-2732A. That statute exempts from the criminal sanctions in the Uniform Controlled Substances Act the transporting, delivery, or possession of peyote by "persons of native American descent who are members or eligible for membership in a federally recognized Indian tribe" when such peyote is "to be used as the sacrament in religious rites of a bona fide native American religious ceremony conducted by a bona fide religious organization."[1]

---

[1] In addition, Idaho Code § 37-2732A provides:

Defendant argues that "[t]he government may not allow the use of peyote as 'the sacrament in religious rites of a bona fide native American religious ceremony' while at the same time punishing [Defendant] for his sacramental use of marijuana in the privacy of his home."

Assuming that Idaho Code § 37-2732A grants a preference to certain native Americans in the practice of their religion, that would be a basis for invalidating that statute. It is not a basis for invalidating Idaho Code § 37-2732(a)(1)(B) under which Defendant was convicted. The statute under which he was convicted is of general application and it does not proscribe any conduct because it is engaged in for religious reasons or because of the religious belief it portrays. It is entirely neutral with respect to religion. It does not directly or indirectly give a preference to any religious denomination or mode of worship. The district court did not err in denying Defendant's motion to dismiss.

## IV. CONCLUSION

The judgment of the district court is affirmed.

Justices BURDICK, J. JONES, W. JONES, and HORTON **CONCUR**.

---

A person transporting, possessing or distributing peyote in this state for religious rites shall have on their person a tribal enrollment card, a card identifying the person as a native American church member and a permit issued by a bona fide religious organization authorizing the transportation, possession and distribution of peyote for religious rites.