**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44098**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 9** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 3, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARVIE JEAN TREGEAGLE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Thomas Watkins, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming the decision denying motion to suppress, affirmed.

Anthony Geddes, Ada County Public Defender; John R. Shackelford, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Marvie Jean Tregeagle appeals from the district court's decision, on intermediate appeal, affirming the magistrate's denial of her motion to suppress. Tregeagle asserts the district court erred when it affirmed the magistrate's denial of her motion to suppress because the officer did not have reasonable suspicion that the trailer ball hitch obstructing Tregeagle's license plate violated Idaho Code Section 49-428(2). Further, Tregeagle argues the officer did not have reasonable suspicion of criminal activity because driving a vehicle in Idaho with a partially obstructed license plate is within the broad range of normal driving behavior. The State argues the license plate was not clearly visible in violation of I.C. 49-428(2), adopting the district court's reasoning. We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

During patrol, a police officer was traveling directly behind Tregeagle's GMC pickup. Tregeagle's pickup was equipped with a trailer ball hitch, which partially obstructed the license plate, and the officer was unable to read the two center digits of the license plate number. Based on his inability to read the license plate, the officer stopped Tregeagle. The officer testified that as he walked from his patrol vehicle to the driver's side window, he was able to read the license plate in its entirety from a distance of approximately ten feet. The officer testified the license plate was properly affixed to the vehicle's bumper and had no foreign matter attached to it. During the stop, the officer discovered marijuana in the vehicle.

Tregeagle was cited for misdemeanor possession of marijuana, I.C. § 37-2732(c)(3). Tregeagle filed a motion to suppress, arguing the officer's stop of her vehicle violated her Fourth Amendment protections against unreasonable searches and seizures. After a hearing, the magistrate denied the motion to suppress, reasoning Tregeagle violated the "clearly visible" requirement of I.C. § 49-428(2) when her trailer ball hitch partially obstructed the license plate. As such, the magistrate held the traffic stop was justified based on a violation of I.C. § 49-428(2). Tregeagle entered a conditional guilty plea, reserving her right to appeal the magistrate's denial of her motion to suppress.

The district court, on intermediate appeal, affirmed the magistrate's denial of Tregeagle's motion to suppress. On intermediate appeal, Tregeagle argued the magistrate erred in finding the traffic stop was justified based on a violation of I.C. § 49-428(2) because the officer could read the entire license plate from approximately ten feet away, and the officer could have read the entire plate from his patrol vehicle if his patrol vehicle was taller. Additionally, Tregeagle argued the trailer ball hitch was not an after-market attachment or suspicious in its size or placement and the officer knew that having items attached to the back of a vehicle is normal and not indicative of criminal behavior in Idaho. Tregeagle also argued the officer's testimony that he had witnessed the obstruction of license plates by bike racks, horse trailers, and recreational vehicles, but sometimes chose not to detain them shows that the officer arbitrarily enforced I.C. § 49-428(2).

The district court held that a plain reading of the statute required every vehicle license plate be displayed in a place and position that was clearly visible and in a condition to be clearly

legible. Because all of Tregeagle's license plate was not clearly visible nor clearly legible at the time of the traffic stop, the district court concluded the officer had reasonable suspicion to stop Tregeagle for a violation of I.C. § 49-428(2). The district court also held Tregeagle cited no evidence in the record to support her assertion that partially or completely obstructed license plates are so common in Idaho as to make the officer's stop unreasonable. Tregeagle timely appeals from the district court's decision.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Tregeagle asserts the district court erred when it affirmed the magistrate's denial of her motion to suppress. Tregeagle raises two issues on appeal. First, Tregeagle argues the officer

3

did not have reasonable suspicion that Tregeagle committed a traffic violation because the trailer ball hitch obstructing part of her license plate did not violate I.C. § 49-428(2). Second, Tregeagle argues the officer did not have reasonable suspicion of criminal activity because driving a vehicle in Idaho with a partially obstructed license plate is within the broad range of normal driving behavior.

**A.** **The Trailer Ball Hitch Obstructing Tregeagle's License Plate Was a Violation of Idaho Code Section 49-428(2)**

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The traffic law at issue in this case is I.C. § 49-428(2), which provides:

> Every license plate shall at all times be securely fastened to the vehicle to which it is assigned to prevent the plate from swinging, be at a height not less than twelve (12) inches from the ground, measuring from the bottom of the plate, be in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible, and all registration stickers shall be securely attached to the license plates and shall be displayed as provided in section 49-443(4), Idaho Code.

Tregeagle admits the officer could not see the two center digits of the license plate from his patrol car. She argues, however, that a trailer ball hitch partially obstructing a license plate is not a violation of I.C. § 49-428(2). Tregeagle asserts that I.C. § 49-428(2) governs only the license plate itself and does not require license plates to be visible from specific angles. To support this argument, Tregeagle argues the officer testified it was his vantage point from his patrol vehicle

4

that impacted his ability to see the license plate; once the officer was outside of his patrol vehicle, he could read the license plate from a distance of approximately ten feet. As the officer was able to fully see the license plate from a different angle and the license plate was in its designated location on the vehicle, Tregeagle argues the license plate was in conformity with the plain language of I.C. § 49-428(2).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

We conclude the pertinent language of I.C. § 49-428(2) is unambiguous. A plain reading of the statute indicates a license plate must be in a place and a position to be clearly visible. Visible means "capable of being seen," "perceptible by vision," "easily seen." WEBSTER'S THIRD NEW INT'L. DICT. 2557 (3d ed. 1993). Clearly means "in a clear manner," "without doubt or question." *Id.* As such, a license plate mounted in a place that results in it being partially obstructed from view by a trailer ball hitch violates the "clearly visible" requirement of I.C. § 49-428(2).

Here, the officer testified he typically calls dispatch when he initiates a traffic stop and announces his location and the vehicle's license plate number. The officer testified he did not inform dispatch of Tregeagle's license plate number because he was unable to see the two center

digits obstructed by the trailer ball hitch. The officer stopped Tregeagle and as he approached the vehicle on foot, he was able to read the entire license plate from approximately ten feet away. Because the plain language of the statute indicates that any obstruction to the license plate is a violation of I.C. § 49-428(2), the trailer ball hitch obstructing Tregeagle's license plate was a violation of this statute which provided the officer with a lawful basis to stop Tregeagle's vehicle.

Although no appellate court in Idaho has ruled on this issue, our holding is consistent with a number of other jurisdictions that have determined a trailer ball hitch partially obstructing a license plate is a traffic violation. For example, Wyo. Stat. Ann. § 31-2-205 provides license plates for a vehicle shall be "conspicuously displayed and securely fastened to be plainly visible . . . [and] maintained free from foreign materials and in a condition to be clearly legible." In *Parks v. State*, 247 P.3d 857 (Wyo. 2011), the Wyoming Supreme Court held a trailer ball hitch partially obstructing a license plate was a violation of the plainly visible and clearly legible requirement of Wyo. Stat. Ann. § 31-2-205. *Parks*, 247 P.3d at 860. The court explained: "license plates need to be easily read in order to facilitate law enforcement and ordinary citizens in reporting and investigating hit-and-run accidents, traffic violations, gas-pump drive offs, and other criminal activity." *Id.*

We agree with the *Parks* court and other jurisdictions[1] that have determined a trailer ball hitch partially obstructing a license plate constitutes a violation of the respective license plate display statute. *See People v. White*, 113 Cal. Rptr. 2d 584 (2001) (a license plate partially obstructed from view by a trailer hitch ball violates the "clearly visible" requirement in the applicable statute); *State v. Hill*, 34 P.3d 139, 147 (N.M. Ct. App. 2001) (registration plate is not clearly legible when a trailer hitch obstructs part of the plate from some viewing angles). Like in *Parks*, Tregeagle's trailer ball hitch obstructing the license plate violated the clearly visible requirement of I.C. § 49-428(2). Because the officer had a lawful basis upon which to detain

---

[1] Although not cited for authority, but merely to recognize a trend, unpublished opinions from Ohio and Washington have come to a similar conclusion. *See State v. Smail*, 2000 WL 1468543 (Ohio Ct. App. 2000) (unpublished) (concluding the middle numbers of a license plate were not in "plain view" and stop of a truck was lawful where the license plate was obstructed by a trailer ball hitch); *State v. McCue*, 2003 WL 22847338 (Wash. App. 2003) (unpublished) (a license plate is not plainly seen and readable if partially obscured by a trailer hitch and only fully visible at certain angles).

Tregeagle, the district court did not err in affirming the magistrate's decision denying Tregeagle's motion to suppress.

**B.  Tregeagle Failed to Provide Authority on Appeal to Support Her Argument That the Officer's Stop Was Unreasonable Due to the Prevalence of Obstructed License Plates in Idaho**

Tregeagle argues a trailer ball hitch that partially obstructs a license plate cannot create a reasonable suspicion of criminal activity because obstructed license plates are common in Idaho. The district court, on intermediate appeal, held Tregeagle cited no evidence in the record to support her assertion that obstructed license plates are so common in Idaho as to render the officer's stop unreasonable. The officer testified he had seen attachments such as bike racks and trailers obstructing the rear license plates of vehicles. However, there is no further testimony or evidence in the record indicating the number or frequency of obstructed license plates. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

Moreover, even if there was evidence supporting Tregeagle's assertion that obstructed license plates are common in Idaho, Tregeagle fails to cite any authority showing how this would provide an exception to I.C. § 49-428(2) or otherwise make the stop at issue in this case unreasonable. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, Tregeagle has waived this issue on appeal.

**IV.**

**CONCLUSION**

The officer had reasonable suspicion to stop Tregeagle based on a violation of I.C. § 49-428(2) because Tregeagle's rear license plate was partially obstructed by her trailer ball hitch. Tregeagle waived any claim that the prevalence of obstructed license plates in Idaho provides an exception to I.C. § 49-428(2). We affirm the district court's opinion on intermediate appeal, affirming the magistrate's decision denying Tregeagle's motion to suppress.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.