**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45329**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 2, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MACE L. ST. CLAIR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Order withholding judgment and order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Mace L. St. Clair appeals from the district court's order withholding judgment. He argues the district court erred by denying his motion to suppress because the officer lacked reasonable suspicion to conduct a traffic stop of his vehicle. The district court's denial of St. Clair's motion to suppress and order withholding judgment are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On a snowy day, an officer observed St. Clair's vehicle with the rear license plate and portions of the rear window covered in snow. The officer stopped St. Clair's vehicle because he was concerned St. Clair could not see out the rear window. During the stop, the officer discovered St. Clair's driver's license was suspended in two states. The officer arrested St. Clair,

1

and during the officer's search incident to the arrest, the officer discovered a baggy of methamphetamine.

The State charged St. Clair with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1). St. Clair filed a motion to suppress the methamphetamine evidence, arguing the snowy conditions explained St. Clair's traffic violations for having a snow covered window and license plate. The district court concluded the officer did not have a reasonable basis to stop St. Clair for the snow on his rear window, in violation of I.C. § 49-612(3), but concluded the snow covering the license plate provided the officer with reasonable and articulable suspicion that St. Clair was violating I.C. § 49-428(2). Thus, the district court denied St. Clair's motion to suppress. St. Clair then entered a conditional guilty plea, reserving his right to appeal the district court's denial of the motion to suppress. The district court placed St. Clair on probation for four years. St. Clair timely appeals to this Court.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion

2

standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

### III.

### ANALYSIS

St. Clair argues the district court erred by denying his motion to suppress because the officer lacked reasonable suspicion to conduct a traffic stop of his vehicle. In order to do so, St. Clair contends the plain language of I.C. § 49-428(2) cannot possibly require a driver in inclement weather conditions to maintain a clear and legible license plate.

A reasonable suspicion exists if the officer reasonably believes the defendant is committing a traffic violation. Here, the relevant statute, Idaho Code § 49-428(2) reads, in relevant part, "Every license plate shall at all times . . . be in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly

3

legible . . . ." This language is an absolute mandate, providing no exceptions for inclement weather conditions or other scenarios that might render compliance with the statute more difficult. The plain language of the statute requires compliance "at all times." I.C. § 49-428(2). Because the statute's language is plain and unambiguous, this Court will not engage in statutory construction, resort to legislative history, discern the statute's public policy, or consider whether the statute leads to an absurd result. Rather, this Court gives effect to the statute as written.

This reasoning is consistent with this Court's decision in *State v. Tregeagle*, 161 Idaho 763, 391 P.3d 21 (Ct. App. 2017). There, the Court evaluated a situation where a license plate was obscured by a trailer ball hitch. *Id.* at 764-65, 391 P.3d at 22-23. The Court held I.C. § 49-428(2) unambiguously required the license plate to be clearly visible and the trailer ball hitch violated that requirement. *Id.* at 767, 391 P.3d at 25.

Here, it is undisputed that St. Clair's license plate was not visible or legible, as it was covered in snow when the officer stopped St. Clair's vehicle. Thus, the district court did not err when it held the officer had reasonable and articulable suspicion that St. Clair's vehicle was being driven contrary to I.C. § 49-428(2). Because the traffic stop was justified, as was St. Clair's arrest, the search incident to arrest that uncovered the methamphetamine did not violate the Fourth Amendment. Consequently, the district court did not err by denying St. Clair's motion to suppress the methamphetamine discovered by the officer during the search.

## IV.

## CONCLUSION

Because I.C. § 49-428(2) unambiguously required St. Clair to keep his license plate free from snow so that it would be clearly visible and legible, the district court did not err when it held the officer had reasonable and articulable suspicion to stop St. Clair's vehicle. The district court's order denying St. Clair's motion to suppress and order withholding judgment is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

4