IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46432

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

SAMANTHA NICOLE COOK,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

Boise, February 2019 Term

Filed: July 10, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The order of the district court denying defendant's motion to suppress is <u>reversed</u>; the judgment of conviction is <u>vacated</u> and <u>remanded</u>.

State Appellate Public Defender's Office, Boise, for appellant, Samantha Nicole Cook. Jenny Swinford argued.

Idaho Attorney General's Office, Boise, for respondent, the State of Idaho. Ted Tollefson argued.

---

STEGNER, Justice.

This appeal is brought by Samantha Cook (Cook) as a result of the denial of her motion to suppress evidence. Cook was pulled over by a police officer after the officer noticed her vehicle lacked both front and rear license plates. As the vehicles slowed to pull over, the officer noticed a piece of paper in the rear window of Cook's car. Upon approaching the pulled-over vehicle, the officer noticed that the piece of paper was a temporary registration permit, which was unreadable due to condensation from rain earlier in the evening. The officer then spoke with Cook, detected the smell of marijuana, searched her vehicle, located controlled substances, and arrested her.

Cook filed a motion to suppress the evidence obtained during the stop on the grounds that the officer lacked probable cause to stop her vehicle. The district court denied Cook's motion. The district court found, based on *State v. Kinch*, 159 Idaho 96, 356 P.3d 389 (Ct. App. 2015), that reasonable suspicion existed that Cook had violated Idaho Code section 49-432(4), which requires a driver to display a permit "upon the windshield of each vehicle or in another

prominent place where it may be readily legible." As a result, the district court found the seizure legal and the evidence obtained after the seizure properly obtained. The Court of Appeals affirmed. This Court granted Cook's petition for review.

On appeal, Cook argues, among other things, that the district court erred in denying her motion to suppress because Idaho Code section 49-432(4) is unconstitutionally vague as applied to her conduct. For the reasons set forth in this opinion, we conclude the statute is unconstitutionally vague. We reverse the district court's denial of Cook's motion to suppress; we vacate Cook's conviction and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2016, shortly after midnight, a Kootenai County Sheriff's Deputy, Ryan Jacobson (Jacobson), was traveling westbound in his patrol vehicle on Highway 53 in rural Kootenai County. It had been raining that evening. As Jacobson drove past Cook, he noticed that her car lacked a front license plate. He did not see a temporary permit displayed as he passed the car. Once Jacobson passed Cook's vehicle, he looked in his rearview mirror and noticed that the vehicle also lacked a rear license plate. Jacobson then turned around in order to investigate Cook's vehicle.

While following Cook, Jacobson was unable to see either a rear license plate or a temporary permit. Jacobson also believed he witnessed Cook's vehicle drive over the right-hand fog line.[1] Jacobson activated his emergency lights. As the vehicles pulled over and were nearly stopped, Jacobson observed a piece of paper displayed in the rear window of Cook's vehicle. It was difficult to see due to heavy condensation in Cook's rear window.

Once both vehicles were stopped, Jacobson walked towards Cook's vehicle and only then recognized that the piece of paper in the window was in fact a temporary registration permit. Despite being right next to the temporary permit, Jacobson still could not read the expiration date. Jacobson then contacted Cook, the sole occupant of the vehicle, in order to obtain information from her. Once he collected Cook's information, Jacobson walked back to his patrol vehicle but first stopped again at the rear window to examine the temporary permit more closely.

---

[1] At the suppression hearing, the State argued that Cook's crossing of the fog line established reasonable suspicion for Jacobson to stop Cook's vehicle. The district court, in reviewing the video, did not see Cook drive over the fog line. In addition, it found this alleged traffic violation was not enough to effectuate the seizure. The State has not challenged this finding on appeal. Consequently, this allegation cannot constitute a basis for Cook's seizure.

Jacobson had to wipe the condensation off of the rear window in order to read the expiration date. Only then was Jacobson able to determine the piece of paper was a valid temporary permit.

Jacobson returned Cook's information to her but asked her to step out of the vehicle and speak with him. Cook obliged. At some point while speaking with Cook, Jacobson noticed that Cook was unusually nervous. More importantly, he had also detected the odor of marijuana. Upon questioning, Cook admitted that others had smoked marijuana in her vehicle earlier that evening. Jacobson then searched the car based on the odor and Cook's admission. He found both heroin and methamphetamine. Cook was arrested and more contraband was found on her person, including another controlled substance, Suboxone.

Cook filed a motion to suppress, arguing that Jacobson did not have reasonable suspicion to stop her car. The district court held a hearing on Cook's motion. Jacobson was the only witness. The district court later announced its oral decision denying the motion to suppress. The district court reasoned that Cook's temporary registration, although properly posted, was not readily legible as required by Idaho Code section 49-432(4); therefore, Jacobson had reasonable suspicion that Cook had violated the statute and any evidence stemming from the seizure was admissible.

After the district court's ruling, Cook filed a motion to reconsider. In that motion, Cook requested her previous argument—that Idaho Code section 49-432(4) was unconstitutionally vague—be addressed, as it had not been specifically addressed in the district court's prior oral pronouncement. A hearing was held at which the district court explicitly found the statute constitutional and denied Cook's motion.

Cook entered a conditional guilty plea to possession of heroin and paraphernalia; in exchange, the State dropped the other two charges, and Cook preserved her right to appeal the denial of her motion to suppress. The district court sentenced Cook to time served on the paraphernalia charge and entered an order withholding judgment with two years of supervised probation for the possession of heroin charge. Cook timely appealed. The Court of Appeals affirmed. This Court granted Cook's petition for review.

## II. STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016).

We review a district court's order granting a motion to suppress evidence using a bifurcated standard of review. *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009). This Court accepts the trial court's findings of fact unless they are clearly erroneous, but may freely review the trial court's application of constitutional principles in light of those facts. *Id.*

*State v. Wulff*, 157 Idaho 416, 418, 337 P.3d 575, 577 (2014).

"Determinations of reasonable suspicion are reviewed de novo[,]" but "must be based on the totality of the circumstances . . . ." *State v. Morgan*, 154 Idaho 109, 111, 294 P.3d 1121, 1123 (2013) (citing *State v. Munoz,* 149 Idaho 121, 127, 233 P.3d 52, 58 (2010)). This Court exercises free review over statutory interpretation issues because they are questions of law. *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015) (citing *State v. Dunlap,* 155 Idaho 345, 361, 313 P.3d 1, 17 (2013)). Likewise, claims that criminal statutes are unconstitutionally vague are reviewed *de novo*. *State v. Larsen*, 135 Idaho 754, 756, 24 P.3d 702, 704 (2001); *State v. Cobb,* 132 Idaho 195, 197, 969 P.2d 244, 246 (1998).

The void-for-vagueness doctrine is premised upon the due process clause of the Fourteenth Amendment to the U.S. Constitution. This doctrine requires that a statute defining criminal conduct be worded with sufficient clarity and definiteness that ordinary people can understand what conduct is prohibited and that the statute be worded in a manner that does not allow arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Furthermore, as a matter of due process, no one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *United States v. Smith,* 795 F.2d 841, 847 n.4 (9th Cir.1986), *citing Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, 890 (1939), *Smith v. United States, cert. denied,* 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).

*State v. Korsen*, 138 Idaho 706, 711–12, 69 P.3d 126, 131–32 (2003), *abrogated on other grounds by Evans v. Michigan*, 568 U.S. 313 (2013).

## III. ANALYSIS

### A. Idaho Code section 49-432(4) is unconstitutionally vague.

Cook argues that her motion to suppress should have been granted because Idaho Code section 49-432(4) is unconstitutionally vague when applied to her case. Whether a statute is unconstitutionally vague is a pure question of law and therefore reviewed *de novo*. *See Larsen*,

135 Idaho at 756, 24 P.3d at 704. A party claiming a statute is unconstitutional "must overcome a strong presumption of validity." *Id.* (quoting *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990)). Likewise, "[a]ppellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality." *Id.* (citing *State v. Newman,* 108 Idaho 5, 13 n.12, 696 P.2d 856, 864 n.12 (1985)). However, "[a] void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty . . . ." *Cobb*, 132 Idaho at 198, 969 P.2d at 247 (citing *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 497 (1982)).

"The void for vagueness doctrine is an aspect of due process requiring that the meaning of a criminal statute be determinable." *Cobb*, 132 Idaho at 197, 969 P.2d at 246 (citing *Schwartzmiller v. Gardner,* 752 F.2d 1341 (9th Cir. 1984)). "Due process requires that all 'be informed as to what the State commands or forbids' and that 'men of common intelligence' not be forced to guess at the meaning of the criminal law." *Id.* (quoting *Smith v. Goguen,* 415 U.S. 566, 574, (1974)); *Korsen*, 138 Idaho at 712, 69 P.3d at 132. "A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." *Cobb*, 132 Idaho at 197, 969 P.2d at 246 (citations omitted). A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct." *Korsen*, 138 Idaho at 712, 69 P.3d at 132. Cook only contends the statute is unconstitutional as applied. Vagueness "as applied" can be shown in two separate ways:

> To succeed on an "as applied" vagueness challenge, a complainant must show that the statute, as applied to the defendant's conduct, failed to provide fair notice that the defendant's conduct was proscribed or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest him [or her].

*Id.*[2] When analyzing vagueness, "[t]he words of a statute alleged to be unconstitutionally vague should not be evaluated in the abstract, but should be considered in reference to the particular conduct of the defendant challenging the statute." *Larsen*, 135 Idaho at 757, 24 P.3d at 705

---

[2] This Court has announced, as a general principle, that the "void-for-vagueness doctrine . . . requires that a statute defining criminal conduct be worded with sufficient clarity and definiteness that ordinary people can understand what conduct is prohibited . . . ." *Korsen*, 138 Idaho at 711, 69 P.3d at 131; *see also Larsen*, 135 Idaho at 756, 24 P.3d at 704. After *Korsen's* clear delineation of "facial vagueness" and "vagueness as applied," the "ordinary people" standard might appear to be applicable only to a facial vagueness analysis; this is not so. We find the "ordinary people" standard remains a helpful tool in "as applied" analyses and will be utilized here. *See Pines v. Idaho State Bd. of Med.*, 158 Idaho 745, 756, 351 P.3d 1203, 1214 (2015).

(citing *State v. Hansen,* 125 Idaho 927, 877 P.2d 898 (1994); *State v. Marek,* 112 Idaho 860, 736 P.2d 1314 (1987)). Those words "are given their commonly understood, everyday meanings, unless the legislature has provided a definition." *Id.* (citing *State v. Richards,* 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct. App. 1995)).

We begin our analysis with the statute itself. Idaho Code Section 49-432(4) reads, in its entirety:

> (4) A temporary permit shall be in a form, and issued under rules adopted by the [Idaho Transportation] board, and shall be displayed at all times while the vehicle is being operated on the highways by posting the permit upon the windshield of each vehicle or in another prominent place, where it may be readily legible.

We hold that this statute is unconstitutionally vague because it failed to inform Cook what she needed to do in order to comply with the statute. This conclusion is driven by important differences between this statute and those regulating the display of license plates.

Idaho Code section 49-428(2) establishes the requirements necessary for displaying license plates. That statute requires license plates to "be in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible . . . ." Idaho Code section 49-432(4) does not provide similar specificity. All the temporary permit statute appears to require is that the permit be displayed in a location that renders it readily legible and that it be displayed in that location while the vehicle is being driven—the statute does not direct a motorist to keep the permit "clearly visible" or "maintained free from foreign materials." Instead, section 49-432(4) states that as long as the permit is posted where it "may be readily legible" and remains there while the vehicle is operated on a highway, then the motorist has complied with the statute. The legislature could have easily included language requiring the permit to be "clearly visible" or "free from foreign materials," which would apprise a motorist that if her window were to fog over she would be in violation of the statute. The legislature recognized that these factors would be important in the context of displaying license plates. However, it did not use language requiring the same for temporary permits.

Although section 49-432(4) provides that a posted permit must be readily legible where posted, it does not indicate a distance from which the permit must be readable. Contrast this to Idaho Code section 49-443(1), which statute makes clear that license plates "shall be of

sufficient size to be plainly readable from a distance of seventy-five (75) feet during daylight." Again, section 49-432(4) does not contain the same specificity.

In addition, section 49-432(4) requires the Transportation Board to promulgate rules to establish the form of temporary permits. In our review of the Idaho Administrative Rules promulgated by the Board, we were unable to find a rule that the Board has enacted which creates a form for temporary permits. *See, e.g.*, IDAPA 39.02.46, 39.03.81 (these Board rules govern temporary permits yet fail to establish any form for the temporary permit). Consequently, while the Board was obligated to create a form for the motoring public by promulgating a rule, it has not done so.

This Court has held that when an agency is tasked with the responsibility of providing adequate guidance to warn individuals that specific conduct would be subject to punishment, yet fails to do so, the underlying statute may be found unconstitutionally vague as applied to that specific conduct. *H & V Eng'g, Inc. v. Idaho State Bd. of Prof'l Engineers & Land Surveyors*, 113 Idaho 646, 650, 747 P.2d 55, 59 (1987). Accordingly, without clear guidance from the Board or the statute on whether the permit need only be readily legible at the time of posting or whether the permit had to be readable from some distance away, it is impossible for a person of ordinary intelligence to understand that she had not complied with the statute despite posting a valid permit where statutorily directed. Likewise, it was reasonable for Cook to understand she had complied with the statute when: she posted a valid permit that was issued to her, the permit was posted in her rear windshield and was visible and readable when posted, and the permit remained in that location while her vehicle was operated on the highway.

In addition, case law analyzing section 49-432(4) has not provided the clarity needed to apprise the motoring public of what is required in order to comply with the statute. In 2007, the Idaho Court of Appeals determined that when a temporary permit was displayed in accordance with section 49-432(4), it was presumed valid, and the mere existence of such a permit may not "serve as the basis for reasonable suspicion" to effectuate a traffic stop. *State v. Salois*, 144 Idaho 344, 348, 160 P.3d 1279, 1283 (Ct. App. 2007) (referencing section 49-432(3), now renumbered to subsection (4)). As a corollary, the Court of Appeals noted that reasonable suspicion may arise, and the presumption of validity overcome, when "the invalidity of the permit, such as by improper alteration, is obvious and discernable by the officer prior to stopping the vehicle." *Id. Salois* thus left the ordinary person with the same understanding that would be garnered through

a reading of the statute: so long as a valid permit is posted in a vehicle where "readily legible" at the time of posting and remains posted in that location while the vehicle travels on a highway, compliance with the statute has been achieved. Indeed, in *Salois*, the Court of Appeals held a permit properly posted enjoys a presumption of validity, given no obvious and discernable errors. Accordingly, under *Salois*, Cook would have understood her conduct to be in compliance with section 49-432(4).

Some years later, in 2015, the Court of Appeals applied *Salois* in *State v. Kinch*, 159 Idaho 96, 101, 356 P.3d 389, 394 (Ct. App. 2015). In *Kinch*, an officer could not read the temporary permit while following the vehicle or after walking up to the window in which the permit was displayed. *Id.* at 97, 99, 356 P.3d at 391, 392. This was because the permit was "bent, somewhat crumpled, and obscured by a layer of condensation on the window . . . ." *Id.* Due to the officer's inability to read the permit, the court found that the presumption in *Salois* was overcome as the permit was not "readily legible" in its posted location and thus not displayed in accordance with 49-432(4). *Id.* at 101–02, 356 P.3d at 394–95. Necessarily, *Kinch* found, by applying *Salois*, that the invalidity of the permit was obvious and discernable *prior to stopping the vehicle*. *See id.*

In so holding, the court implicitly required temporary permits to be "readily legible" from *some* following distance, since an officer must be able to discern the obvious invalidity of the permit before initiating the traffic stop as per *Salois*. *Id.* at 101 n.8, 356 P.3d at 394 n.8 ("[T]he requirement in *Salois* that the officer must have reasonable suspicion that the temporary permit violates the law before initiating the traffic stop strongly suggests that the permit must be readily legible from the officer's vehicle, at least at some distance . . . ."). Despite recognizing this (and interpreting the context and plain language of section 49-432(4) to require a temporary permit to "be readily legible from the vantage point of another vehicle on the road"), the court went to great length to note that it was not resolving the issue of what distance a temporary permit must be readily legible from, because the permit at issue was not readily legible from the officer's vehicle or a close distance. *Id.* at 100–101, 101 n.7, 356 P.3d at 393–394, 394 n.7.

Regardless of the court's ostensible avoidance of this distance question, the application of *Salois* (and the court's statutory interpretation analysis) makes it clear that the court read section 49-432(4) to require the permit be readily legible from a following vehicle. As noted, a plain reading of the statute by the ordinary person does not apprise her of this requirement. *Kinch* has

placed a more onerous burden on the ordinary motorist than the statute; thus, *Kinch's* interpretation of section 49-432(4) demonstrates that it is unconstitutionally vague as applied to Cook's case. In addition, *Kinch* does not overcome the statute's vagueness. At what distance does the permit need to be "readily legible"? It remains unclear both upon reading the statute and following *Kinch*. In order to avoid a vagueness challenge, the statute must provide sufficient clarity and definiteness that a person of ordinary intelligence can understand what behavior is required. *Korsen*, 138 Idaho at 711, 69 P.3d at 131. In addition, by not apprising the motoring public of the distance from which a permit must be legible, the law "invites arbitrary and discriminatory enforcement." *Cobb*, 132 Idaho at 197, 969 P.2d at 246. Neither this statute, nor our case law, afford that clarity. Even today, it is not possible to know how to comply with this statute.

Here, Cook placed a valid temporary permit in her rear windshield, where it was readily legible, and it was in that location while she drove upon the highway. Based on a fair reading of section 49-432(4) and *Salois*, this was all she needed to do to comply with the statute. Eventually, condensation formed on her rear windshield and the permit became unreadable. Under *Kinch*, this was enough to elevate her conduct, the same conduct which was compliant under the statute, to a violation. However, in order to reach this result, the Court of Appeals had to read into the statute words that were not used by the legislature in this context. The court seemingly infers the requirement that the permit be "clearly visible" and "free from foreign materials," even though the operative statute does not contain this language.

When all is said and done, the current wording of the statute undermined Cook's ability to discern what conduct was required so that she might properly conform her behavior to the law. Idaho Code section 49-432(4) does not apprise Cook that she must keep the permit "clearly visible" or "free from foreign materials." Nor does it provide guidance regarding the permit's visibility from a certain distance. Nor did the Board create a form temporary permit as directed by the legislature. Given all of this, we conclude section 49-432(4) is unconstitutionally vague as applied to Cook's conduct. Because section 49-432(4) did not provide Cook adequate notice of what was required, it did not provide Jacobson with legal cause to effectuate the traffic stop leading to discovery of contraband. Consequently, Cook's motion to suppress should have been granted. *See Burton v. State, Dep't of Transp.*, 149 Idaho 746, 750, 240 P.3d 933, 937 (Ct. App.

2010). Because we reverse the denial of Cook's motion to suppress on these grounds, Cook's additional arguments need not be addressed.

## IV. CONCLUSION

For the stated reasons, we reverse the district court's denial of Cook's motion to suppress; we vacate Cook's conviction and remand for further proceedings.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER, CONCUR.