**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47763**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 31, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THOMAS D. LOWDER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

Judgment of conviction for possession of methamphetamine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Thomas D. Lowder appeals from his judgment of conviction for possession of methamphetamine, Idaho Code § 32-2732(c)(1). Lowder challenges the district court's order denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

During daylight hours, Deputy Payne was traveling eastbound on Oasis Road in Gem County when he observed an oncoming vehicle proceeding westbound. As Deputy Payne approached the oncoming vehicle, he did not see a front license plate. As the vehicle got closer, he observed a male driver, and as the vehicle passed him, he saw it had a rear Idaho license plate.

At that point, Deputy Payne turned around and initiated a stop of the vehicle for failing to display a front license plate as required by I.C. § 49-428. As Deputy Payne approached the car,

1

the driver, Lowder, stated, "I know, I know, I don't have a front plate," and he explained he had "zip ties to fix the license plate." As Deputy Payne was talking to Lowder, he observed an Idaho license plate in the front windshield area.

Lowder provided Deputy Payne with an out-of-state identification card and stated he knew his license was suspended. Deputy Payne confirmed this information on his patrol vehicle computer and also learned Lowder had an outstanding arrest warrant. After confirming with dispatch that the arrest warrant was valid, Deputy Payne arrested Lowder for driving without privileges and for the outstanding arrest warrant. During a search incident to the arrest, Deputy Payne found a "piece of straw" in Lowder's pocket and a "baggie of methamphetamine" in his wallet.

As a result of this encounter, the State charged Lowder with possession of methamphetamine and driving without privileges. Lowder filed a motion to suppress, asserting Deputy Payne lacked "probable cause"[1] to initiate the traffic stop and that, alternatively, if the placement of Lowder's license plate violated I.C. § 49-428, then the statute is unconstitutionally vague. At the suppression hearing, both Deputy Payne and Lowder testified. Lowder testified that the license plate was "[s]hoved down into the window in between the window and the dash" "in between the window sill itself like in the rubber part." Lowder also admitted into evidence Exhibit 1, a photograph of the license plate's location in the vehicle when Deputy Payne stopped him.

At the conclusion of the hearing, the district court denied Lowder's suppression motion. The court ruled that Exhibit 1 shows "a substantial portion of the license plate" is obscured; the license plate "was not securely attached"; and it was "not clearly visible from at least 75 feet in front of it." Thereafter, Lowder pled guilty conditionally and reserved his right to appeal the suppression motion's denial. Lowder timely appeals.

---

[1]    In Lowder's brief to the district court in support of his suppression motion, Lowder argues Deputy Payne lacked "probable cause." The correct standard for evaluating whether the initiation of a traffic stop was justified is "reasonable suspicion." *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998) (ruling officer may stop vehicle to investigate possible criminal behavior if there is reasonable suspicion vehicle is being driving contrary to traffic laws). On appeal, Lowder relies on the correct standard.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

A.      **Reasonable Suspicion Supported the Traffic Stop**

Lowder asserts the district court erred when denying his suppression motion because there was no reasonable, articulable suspicion he was driving the vehicle contrary to any traffic laws and that I.C. § 49-428 "does not prohibit his conduct of driving with the license plate securely shoved between the dashboard and the driver's side of the windshield." Alternatively, Lowder argues that reasonable suspicion was dispelled once Deputy Payne saw the license plate, and thus he unlawfully prolonged the traffic stop after seeing the license plate. In response, the State argues that reasonable suspicion supported the traffic stop and that Lowder failed to preserve for appeal his argument that reasonable suspicion was dispelled and that the stop was unlawfully prolonged.[2] Alternatively, the State argues that, under the attenuation doctrine, the evidence's suppression is not warranted because Deputy Payne discovered the evidence pursuant to a lawful search incident to arrest under the outstanding arrest warrant. Because we hold that

---

[2]      The State also argues that Lowder conceded reasonable suspicion supported the initial traffic stop by arguing that reasonable suspicion was dispelled and the stop was prolonged. We disagree and construe Lowder's argument that reasonable suspicion was dispelled and the stop was unlawfully prolonged as an alternative argument, not a concession. We agree with the State, however, that Lowder failed to raise this alternative argument before the district court and, thus, failed to preserve it for appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (holding appellate review is limited to evidence, theories and arguments presented to trial court); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (ruling issues not raised below generally may not be considered for first time on appeal).

reasonable suspicion supported Deputy Payne's stop, we do not address the parties' other arguments related to reasonable suspicion.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Lowder challenges the district court's conclusion that the placement of the license plate in the vehicle's front window violated I.C. § 49-428, the statute on which Deputy Payne relied when stopping Lowder. Idaho Code § 49-428 provides in relevant part:

> (1) License plates assigned to a motor vehicle shall be attached, one (1) in the front and the other in the rear . . . .
> . . . .
> (2) Every license plate shall at all times be securely fastened to the vehicle to which it is assigned to prevent the plate from swinging, be at a height not less than twelve (12) inches from the ground, measuring from the bottom of the plate, be in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible, and all registration stickers shall be securely attached to the license plates and shall be displayed as provided in section 49-443(4), Idaho Code.

Citing *State v. Tregeagle*, 161 Idaho 763, 391 P.3d 21 (Ct. App. 2017), Lowder argues that "the district court erred by failing to apply controlling precedent to determine the meaning of 'clearly visible'" in I.C. § 49-428. In *Tregeagle*, an officer stopped Tregeagle's vehicle because the officer was unable to read the center two digits of the rear license plate, which was partially obscured by a ball hitch for a trailer. *Tregeagle*, 161 Idaho at 764-65, 391 P.3d at 22-23. The officer testified that "as he walked from his patrol vehicle to the driver's side window, he was

able to read the license plate in its entirety from a distance of approximately ten feet" and that "the license plate was properly affixed to the vehicle's bumper and had no foreign matter attached to it." *Id.* at 765, 391 P.3d at 23. During the traffic stop, the officer discovered marijuana in the vehicle and cited Tregeagle for misdemeanor possession of marijuana. *Id.* Tregeagle filed a motion to suppress, asserting the stop violated her Fourth Amendment rights against unreasonable searches and seizures. *Id.* The magistrate court denied the motion, and the district court affirmed the denial on intermediate appeal. *Id.*

On appeal to this Court, Tregeagle admitted "the officer could not see the two center digits of the license plate from his patrol car," but she argued that "I.C. § 49-428(2) governs only the license plate itself and does not require license plates to be visible from specific angles" and that her "license plate was in conformity with the plain language of I.C. § 49-428(2)." *Tregeagle*, 161 Idaho at 766, 391 P.3d at 25. Rejecting this argument, this Court concluded that the statute's reference to "clearly visible" was unambiguous; "visible" means capable of being seen, perceptible by vision, and easily seen; and "clearly" means in a clear manner, without doubt or question. *Id.* at 767, 391 P.3d at 26. Further, this Court concluded that "a license plate mounted in a place that results in it being partially obstructed from view" violates the requirement in I.C. § 49-428(2) that it be "clearly visible." *Tregeagle*, 161 Idaho at 767, 391 P.3d at 26.

Lowder argues that "the district court's definition [in this case] of 'clearly visible' goes well beyond the statute's plain language" and that the "words--legible, readable, and visible-- have distinct meanings and cannot be interchanged in the statute's plain language interpretation." We disagree that the district court misconstrued the statute's language. In accord with this Court's conclusion in *Tregeagle* that a license plate violates I.C. § 49-428(2) if its placement "results in it being partially obstructed from view," *Tregeagle*, 161 Idaho at 767, 391 P.3d at 26, the district court expressly ruled that Exhibit 1 shows "a substantial portion of the license plate" is obscured.

Indeed, a review of Exhibit 1 shows Lowder's license plate was not clearly visible in that it was at least partially, if not substantially, obscured. Further, Deputy Payne repeatedly testified that he did not observe the license plate as the vehicle was approaching him or when he passed it. Specifically, Deputy Payne testified, "I watched the vehicle approach and noticed that it didn't have a front license plate"; "I did not see a license plate in the front of the vehicle at all or in the

5

windshield"; and "I did not observe it in the windshield . . . when it passed." Accordingly, substantial and competent evidence supports the district court's ruling that Lowder's license plate was not "clearly visible."[3]

Moreover, Lowder conceded during the suppression hearing that the license plate was not "fastened" in any manner to the vehicle. *See* I.C. § 49-428(2) (requiring license plate to be "securely fastened"). During the suppression hearing, Lowder testified about whether the license plate was "securely fastened" to the vehicle:

> Q.    Was your license plate securely fastened to the vehicle?
> A.    It wasn't coming out.
> Q.    How was it securely fastened to the vehicle?
> A.    Shoved down into the window in between the window and the dash. I believe there was an apple at one point holding it up, too, so it was against the windshield.
> Q.    It was securely fastened with an apple?
> A.    Sure, I guess.
> Q.    Okay. What do you mean by guess?
> A.    Just one of the things that I used up there was an apple or my pack of cigarettes or whatever I just shoved up there on the dash. . . . But it didn't need it. It didn't come down. It didn't like lay down. It was in the window, in between the window sill itself like the rubber part. It was in there.
> Q.    Tell the judge how you fastened your license plate to the vehicle. Was it with an apple or with a cigarette pack or with zip ties or not at all?
> . . . .
> A.    It was shoved into the window, sir.
> Q.    How did you fasten your--securely fasten your license plate to the vehicle?
> . . . .
> A.    I shoved it in. It was shoved in. My dad shoved it into the window itself like, you know, the little rubber stuff in the window. . . .
> Q.    *Was anything used to fasten it?*
> A.    *No.*

(Emphasis added.) Deputy Payne, likewise, testified that the license plate was not fastened to the vehicle, stating that "it was just lying in the front windshield area"; "[i]t wasn't secured by anything that I could see"; and "it was not secured by any means." Accordingly, substantial and

---

[3]    Because we conclude that substantial and competent evidence supports the district court's finding that the license plate was obscured, we need not address Lowder's argument that the court's alternative finding that it "was not visible 75 feet away was a clearly erroneous finding."

competent evidence supports the district court's finding that the license plate was not "securely attached" to the vehicle.[4]

**B.      Idaho Code § 49-428 is Not Unconstitutionally Vague as Applied to Lowder**

Lowder also argues the district court should have granted his suppression motion because I.C. § 49-428(2) is unconstitutionally vague as applied to his conduct. Whether a statute is unconstitutionally vague is a pure question of law this Court reviews de novo. *State v. Cook*, 165 Idaho 305, 309, 444 P.3d 877, 881 (2019). This Court is obligated to seek an interpretation upholding a statute's constitutionality, and a party claiming a statute is unconstitutional must overcome a strong presumption of its validity. *Id.*

The void for vagueness doctrine is an aspect of the due process requirement that a criminal statute's meaning be determinable. *Id*. Due process requires that the statute informs people what it commands or forbids and that it does not force people of common intelligence to guess its meaning. *Id.* A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence about the conduct it proscribes or if it invites arbitrary and discriminatory enforcement. *Id.* A defendant may challenge a statute as unconstitutionally vague on its face or as applied to the defendant's conduct. *Id.* at 309-10, 444 P.3d at 881-82

To succeed on an "as applied" vagueness challenge, a defendant must show the statute, as applied to the defendant's conduct, either failed to provide fair notice that the statute proscribed the defendant's conduct or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest the defendant. *Id.* at 310, 444 P.3d at 882. When analyzing vagueness, this Court does not evaluate in the abstract the statute's words, which the defendant alleges to be unconstitutional. *Id.* Rather, this Court considers those words in the context of the particular conduct of the defendant challenging the statute. *Id.* Further, the Court gives the words their commonly understood, everyday meanings, unless the legislature has provided a definition. *Id.*

Lowder argues I.C. § 49-248 did not give him fair notice that "an officer's subjective opinion that the license plate was not 'securely fastened' 'to prevent the plate from swinging' will render a validly placed license plate invalid." This argument fails because Lowder does not

---

[4]      We reject Lowder's suggestion that our decision in *State v. Martin*, 148 Idaho 31, 218 P.3d 10 (Ct. App. 2009), stands for the proposition that, as long as a license plate is not "swinging" in any manner, it complies with I.C. § 49-428's requirement that it be "securely fastened" to the vehicle.

dispute that the statute unambiguously provides the license plate must be "securely fastened" to the vehicle, and during the suppression hearing, he admitted that his license plate was not fastened to the vehicle at all.

Lowder also argues that "an officer's subjective opinion" based on "an external factor" such as the sun's "glare" or "reflection," "the officer's poor eyesight," or "weather conditions" would "render" the license plate "invalid." This argument fails because the record does not support the assertion that Deputy Payne failed to see the license plate because of the weather, the sun, or "poor eyesight." Furthermore, the district court did not base its finding that the license plate was obscured solely on Deputy Payne's failure to see it when approaching and passing Lowder's vehicle. Rather, the court also based its conclusion on its review of Exhibit 1, which it concluded showed the license plate was "substantially obscured."

## IV.
## CONCLUSION

We hold that Deputy Payne had reasonable and articulable suspicion that Lowder was driving the vehicle in violation of I.C. § 49-428. Substantial and competent evidence supports the district court's finding that the license plate was not "clearly visible" or "securely fastened" to the vehicle. Further, we hold that I.C. § 49-428 is not unconstitutionally vague as applied to Lowder's conduct. Accordingly, we affirm the district court's denial of Lowder's motion to suppress and the judgment of conviction.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.